```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
v.                                        :    **ORDER**
                                          :
                                          :    S1 23 CR 468-1 (VB)
DWAYNE JOHNSON,                           :
                    Defendant.            :
--------------------------------------------------------------x

      In response to the Court's orders of February 11 and February 21, 2025 (Docs. ##106, 108), the Court has been advised the parties have reached agreement with respect to a modification of the existing discovery sanctions, with the exception of whether the contents of Johnson's cellphone and laptop should be designated "Attorney Possession Only." (Docs. ##107, 109).

      Although Johnson's violations of the protective order were egregious and warrant sanctions, the Court is persuaded that the contents of the cellphone and laptop should not be designated Attorney Possession Only.

      This is a close call. The Court shares the government's concern that, "[i]f disseminated, these materials could be used to identify witnesses and negatively impact witness safety." (Doc. #107). But the Court is confident that, under the current circumstances, such dissemination is highly unlikely, even if the materials are in defendant's personal possession. This is because (i) defendant has long been aware of these witnesses' identities, and there is no evidence any of the witnesses have been intimidated, (ii) defendant has little if anything to gain from intimidating or seeking improperly to influence these witnesses given that the principal evidence in the case appears to be the physical and electronic evidence seized from defendant's home and Google account, and (iii) any further violations or misconduct may well be admissible as consciousness of guilt evidence or even lead to new criminal charges.

      The Court is also persuaded by defense counsel's arguments that to designate these materials as Attorney Possession Only will materially impede the preparation of a defense given the volume and format of the data, and the need for defendant to access the materials on his own so as to assist counsel in determining what might actually be relevant to the defense.

      In short, the Court finds that the government has not established "good cause" for designating the contents of the cellphone and laptop as Attorney Possession Only. See Fed. R. Crim. P. 16(d)(1).

      Accordingly, the government's request to designate the contents of the cellphone and laptop as Attorney Possession Only is DENIED.

Dated: February 28, 2025          SO ORDERED:
      White Plains, NY

                                                    Vincent L. Briccetti
                                                    United States District Judge